United States Courts
Southern District of Texas
FILED

OCT 16 2014

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHIRLEY FRANCIS, INDIVIDUALLY § <br> AND AS REPRESENTATIVE OF THE § <br> ESTATE OF GERRIT PERKINS AND § <br> BRIDGET NERIZ, § <br>     *Plaintiffs*, § <br> § <br> v. § <br> § <br> § <br> HARRIS COUNTY SHERIFF'S § <br> DEPT., SHERRIFF ADRIAN § <br> GARCIA, HARRIS COUNTY, § <br> DEPUTY GBUNBLEE § <br> (Individually and in his Official Capacity, § <br> DEPUTY JOHN DOE (Individually § <br> and in his Official Capacity), DUPUTY § <br> JOHN DOE #2 (Individually and in his § <br> Official Capacity), § <br>     *Defendants*. | CIVIL ACTION NO._____ <br><br> JURY DEMANDED |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Shirley Francis individually and as representative for the Estate of Gerrit Perkins and Bridget Neriz, "Plaintiffs," complaining of and against Harris County Sherriff's Department and Deputy Gnunblee, individually and in his official capacity, and for causes of action would show unto the Court the following:

### I. INTRODUCTION

1) This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; and under TEX. CIV. PRAC. & REM. CODE § 101.021 for intentional and/or negligent infliction of emotional distress, conversion, loss of companionship,

negligence, gross negligence, assault, false imprisonment, false arrest, and civil conspiracy.

2) The individual Defendants were acting in the scope of their employment as Deputies for the Harris County Sheriffs Department for Harris County, Texas, and under color of state law when they engaged in the unlawful conduct set forth herein.

## II. JURISDICTION AND VENUE

3) This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants by the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiffs' claim under 28 U.S.C. §1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights). This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. §1367 because the other claims are so related to the federal cause of action that they form part of the same "case or controversy," as that term is used and understood in Article III of the U.S. Constitution and 28 U.S.C. §1367.

4) Venue is proper in the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(b) because of Defendants' reside within the district and because the Defendants acts and omissions giving rise to the claim occurred within this District.

5) Plaintiffs also invoke the pendent jurisdiction of this Court to entertain the following state law claims that grow out of a common nucleus of fact of the federal claims: wrongful death, intentional and/or negligent infliction of emotional distress,

loss of companionship, negligence, gross negligence, assault, false imprisonment, false arrest, and civil conspiracy.

6)    The causes of action alleged herein arise from factual allegations occurring in this judicial district.

7)    On information and belief, it is alleged that each of the named Defendants resides in this judicial district, with at least one defendant residing within the Houston Division.

8)    Plaintiffs also reside within the Houston Division.

9)    Shirley Francis, duly qualified in the Probate Court No. 3 of Harris County, Texas as the Administrator of the Estate of Gerrit Perkins, Deceased ("Perkins"), deceased.

### III. PARTIES

10)   At the time of his death, Perkins was 37 years old.

11)   Bridget Neriz ("Bridget") was at all times relevant herein, a resident of the City of Houston, Texas and a personal friend of Perkins.

12)   (First Name Unknown) Deputy Gbunblee, was at all times relevant herein, employed by the Harris County Sheriff's Department and was on duty and acting in the scope of his employment as Deputy Sheriff for Harris County, Texas, and was acting under color of state law when he engaged in the unlawful conduct set forth herein.

13)   Harris County Sherriff's Deputy John Doe I, was at all times relevant herein, employed by the Harris County Sheriff's and was on duty and acting in the scope of

his employment as Deputy Sheriff for Harris County, Texas, and was acting under color of state law when he engaged in the unlawful conduct set forth herein.

14) Harris County Sherriff's Deputy John Doe II, was at all times relevant herein, employed by the Harris County Sheriff's Officer and was on duty and acting in the scope of his employment as Deputy Sheriff for Harris County, Texas, and was acting under color of state law when he engaged in the unlawful conduct set forth herein.

15) Defendant Harris County Sherriff's Department and Harris County is within the jurisdiction of the Southern District. They can be served at Harris County Judge Ed Emmett, 1001 Preston, Suite 911, Houston, Texas 77002.

16) Sherriff Garcia and the Deputies can be served at 1019 Congress, 15th Floor, Houston Texas 77002.

## IV. FACTS

17) On or about October 17, 2012, the three defendants were in possession of a felony warrant charging Perkins with aggravated assault of a family member, went Bridget's residence for the purpose of arresting Perkins on the charge set forth in the warrant.

18) After they arrived, they observed Bridget outside of her residence and at least one of the defendants, Gbunblee approached her with his weapon drawn.

19) One of the defendants asked Bridget was Perkins inside of the residents, Bridget, who knew Perkins was in her residence, became concerned for his safety given the highly excited and aggressive manner the officers manifested to her. As a result of this concern, she lied and told the officers that he was not present.

20) Apparently, the officers had already spoken to her neighbor or neighbors and determined that he was indeed in the residence and told Bridget that she was lying because Perkins had been seen in the residence.

21) The ire of the defendants increased exponentially when Bridget insisted that Perkins was not in the residence and called her, "a lying bitch!"

22) Realizing that the officers were not going to accept her denial of Perkins presence in the residence, she felt that the only way they would be assuaged would be for her to allow them to enter the residence.

23) The defendants insisted on entering and searching the residence and Bridget did not prevent them from doing so and in fact, gave them permission feeling that if she did so, they might believe that she was telling the truth and leave.

24) The three deputies with guns drawn entered the residence and two of them proceeded up the stairs to the second floor.

25) Before Defendant Gbunblee began searching the first floor, he instructed Bridget to remain in the living room and not to leave the living room without the permission of the officers. Bridget complied with this order.

26) Bridget observed Gbunblee enter into her bedroom and then into the bathroom which entrance was off the bedroom. There was a walk-in closet that was off of the bathroom and could only be entered through the bathroom.

27) Shortly after Gbunblee left her field of vision, Bridget heard a gunshot and she then observed the two deputies who were searching upstairs run down the stairs and into her bedroom.

28) Bridget tried to enter the bedroom to see what had happened and was violently, viciously, and forcefully thrown down to the floor by one or more of the deputies.

29) She was then handcuffed her, and was again called a "bitch" and told she was under arrest.

30) Bridget was then taken outside of the residence and placed in a police car in which she was kept for several hours as more police arrived at her home.

31) Bridget noted that more than an hour elapsed from the time that she was removed from her residence and the arrival of emergency medical personnel and even after they arrived, it was sometime before she observed Perkins brought out in a stretcher and placed in an emergency vehicle and taken away.

32) Bridget was finally released from custody during which time she was continually handcuffed.

33) After she reentered her home, she noticed blood in the closet area and that Perkins body was dragged from the closet through her bathroom and bedroom into the living room area.

34) When Bridget left Perkins to go outside, he was lying on her bed dressed only in a pair of shorts with no other clothing.

35) Perkins family arranged for a second opinion autopsy of his body and it was determined that he died as a result of single penetrating distant gunshot wound of the right side of the back.

36)   Perkins had on only a pair of shorts when he was shot in the back. Perkins died from the fatal gunshot wound.  He was unarmed without any firearm of any kind was found on him or in the residence after he was shot.

## COUNT I

### (Excessive Use of Force in Shooting Perkins)

**The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:**

**Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. §1983.**

37)   Plaintiffs restate and reallege the previous paragraphs and incorporate them by reference herein.

38)   Plaintiffs allege that Defendants, jointly and/or severally deprived Plaintiffs' Perkins of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution of the United States as applied to the states through the Fourteenth Amendment.  When Deputy Gbunblee shot Perkins in the back when he was unarmed, that conduct was not "objectively reasonable" in light of the facts and circumstances with which he faced.

39) By using excessive and deadly force in the course of Defendants attempt to seize the Perkins, in violation of the Fourth Amendment and its reasonableness standard. Plaintiffs plead that Decedent was unlawfully shot and killed. This action resulted in directly and only from a use of force that was clearly excessive to the need, and was objectively and subjectively unreasonable.

40) Defendants failed to provide supervision and/or proper training to prevent deadly outcomes resulting from excessive force.

41) Since Bridget was outside of her residence and the Defendants had independent corroboration that Perkins was in the residence, their decision to enter the residence without sufficient backup, the use of a canine, without any attempt to contain the area and coax Perkins out of the residence were all objectively unreasonable.

42) Gbunblee's use of deadly force was clearly unreasonable as judged from the perspective of a reasonable officer on the scene.

43) The evidence shows that Perkins suffered a fatal injury which resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was objectively unreasonable.

44) Defendants' violations of Perkins constitutional rights were the proximate and direct cause of Perkins' suffering, injuries, and consequent death.

## COUNT II

### (Defendants Denied Perkins Essential Medical Attention)

45) Plaintiffs restate and reallege the previous paragraphs and incorporate them by reference herein.

46) When Perkins was shot, he was in police custody and therefore he had a special relationship with the defendants that required him to rely on them to obtain immediate treatment for his serious medical needs.

47) Defendants unreasonably delayed getting Perkins immediate treatment for his serious medical needs focusing instead on trying to concoct a cover story for the shooting of Perkins that would make it appear as if the shooting was necessary and reasonable.

48) The delay worked to Perkins' detriment because he died soon after his delayed arrival at a health-care facility.

49) As a direct and proximate a result, the plaintiff was denied essential medical attention which proximately caused or contributed to Perkin's death.

## COUNT III

### (Wrongful Death/Survivor Action)

50) Plaintiffs restate and reallege the previous paragraphs and incorporate them by reference herein.

51) Pursuant to TEX. CIV. PRAC. & REM. CODE § 101.021/Texas Tort Claims Act, Plaintiffs further seek compensation for the statutory beneficiaries of Perkins caused by the wrongful acts of the defendants set forth herein.

52) Plaintiff Shirley Francis, as estate representative brings this action pursuant to Tex. Civ. Prac. & Rem. Code §§ 71.021 as applied through 42 U.S.C. §1983 and §1988. As direct and proximate result of Defendants' tortious acts and omissions, Perkins suffered pain and mental anguish from the time of the shooting, until death. Perkins incurred funeral expense. These claims survive to the Perkins Estate.

Additionally, Ms. Francis is deprived of the parent-child relationship. She no longer enjoys the love, support, companionship, and society of Perkins that would in probability continued for some time bur for the acts and omissions of Defendants. As a result, the Perkins family has mental anguish damages.

53) Plaintiff

## COUNT IV

### (Ordinary and Gross Negligence)

54) Plaintiffs restate and reallege the previous paragraphs and incorporate them by reference herein.

55) There is clear evidence that defendants failed to take reasonable measures to avert the harm as alleged in Count I, above.

56) The acts and omissions of the defendants set forth above to the known risks were so patently inadequate as to justify an inference that they actually recognized that their responses to the risk were inappropriate under the circumstances.

57) The acts and omissions of the defendants set forth above constitute simple or ordinary negligence.

58) Defendants also acted wantonly and recklessly as set forth herein which constituted gross negligence.

59) The defendants owed a duty to the plaintiffs therefore, their simple and gross negligence as alleged herein were the proximate cause or contributed to Perkin's death and to the injuries sustained by Bridget.

## COUNT V

### (Assault, False Imprisonment, False Arrest, and Civil Conspiracy)

60) Plaintiffs restate and reallege the previous paragraphs and incorporate them by reference herein.

61) The conduct of the defendants and treatment of Bridget as alleged above constitute assault and battery, false imprisonment, false arrest, and civil conspiracy.

62) Pursuant to TEX. CIV. PRAC. & REM. CODE § 101.02, defendants are liable to Bridget, who sustained severe mental and physical pain and suffering and injury in an amount that will be established at trial.

63) In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive use of force by persons acting under color of state law; and, d) the right to be free from false arrest.

64) The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 6

### Peace Officer Liability

65) Plaintiffs restate and reallege the previous paragraphs and incorporate them by reference herein. Plaintiffs bring claims against Deputy Gbunblee, John Doe I, and John II individually as in his official capacity, pursuant to 42 U.S.C. §1983 and for punitive damages.

66) At all times, Duputies were acting under color of state law as an agent and employee of Defendants Harris County and Harris County Sherriff's Office. Deputies were wearing their official Harris County uniforms at the time of shooting and were acting within the course and scope of their duties as a Harris County Sherriff's Office Duputy at the time they shot and killed Gerrit Perkins.

67) At the time of the shooting, Officers Gbunblee had no reason to fear for his safety.

68) Perkins was kneeling down in a non-threatening position. Perkins made no violent movements towards the Officer nor objectively speaking could anyone interpret his actions as threatening. Perkins did not touch the Deputies nor did he threaten to touch them.

69) At the time of the shooting, Perkins was unarmed and vulnerable to the Deputies violent attack.

70) The Deputies shot Perkins in the back and killed him.

71) Deputy Gbunblee did not have a reasonable fear of imminent bodily harm when he shot and killed Perkins.

72) Therefore, by using subjectively and objectively unreasonable deadly force while acting under color of state law, Deputies violated Perkins rights under the Fourth and Fourteenth Amendments to the United States Constitution and caused his wrongful death.

## COUNT 7

### Harris County Sheriff's Office and Harris County Liability

73)     Plaintiffs plead that Perkins constitutional rights were violated when he was shot and killed.

74)     Harris County Sherriff's Office and Harris County are liable under 42 U.S.C §1983 for failing to supervise and train its police officers, and for overlooking and covering up officer misconduct.  In addition, the County had a general policy, pattern, and/or practice of not disciplining its officers for their misconduct, thereby sanctioning the officers' unlawful and violent behavior.  The County's failure to supervise and train its officers, and the County's deliberate apathy towards holding officers accountable when the shoot people constitutes gross negligence and/or deliberate and conscious indifference to people's rights.

75)     At the time, the Duputies were acting pursuant to an official policy, practice, custom and procedure overlooking and/or authorizing police officers' excessive use of force. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 659 (1978).

## Count 8

### Attorney's Fees

Plaintiffs are entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976.  49 U.S.C. §1988.  Plaintiffs thereby request that the Court and jury award their attorney's fees and expenses.

**PRAYERS FOR RELIEF:**

WHEREFORE, the Plaintiffs demand:

1.  That judgment be rendered in favor of the Plaintiffs and against the Defendants on all causes of action asserted herein.

2. That Plaintiffs be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for their physical and mental pain and suffering, both past and future; permanent injury and disability; loss of enjoyment of life; both past and future.

3. That Plaintiffs be awarded punitive damages against the Defendants.

4. That Plaintiffs be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

5. That the Plaintiffs receive any other further and general relief to which it may appear they are entitled.

**TRIAL BY JURY IS DEMANDED**

            Respectfully submitted,

            The Webb Law Firm

            <u>By: /s/Todd E. Webb</u>

            TODD E. WEBB

            Texas State Bar No.24033317
            Federal Admission No. 597748
            toddewebb@hotmail.com
            3730 Kirby Suite 1200
            Houston, Texas 77098
            (713) 713 834 1147
            (713) 831 6899 (fax)

### Harris County Sheriff's Office and Harris County Liability

72) Plaintiffs plead that Perkins constitutional rights were violated when he was shot and killed.

73) Harris County Sherriff's Office and Harris County are liable under 42 U.S.C §1983 for failing to supervise and train its police officers, and for overlooking and covering up officer misconduct. In addition, the County had a general policy, pattern, and/or practice of not disciplining its officers for their misconduct, thereby sanctioning the officers' unlawful and violent behavior. The County's failure to supervise and train its officers, and the County's deliberate apathy towards holding officers accountable when the shoot people constitutes

2. That Plaintiffs be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for their physical and mental pain and suffering, both past and future; permanent injury and disability; loss of enjoyment of life; both past and future.

3. That Plaintiffs be awarded punitive damages against the Defendants.

4. That Plaintiffs be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

5. That the Plaintiffs receive any other further and general relief to which it may appear they are entitled.

**TRIAL BY JURY IS DEMANDED**

          Respectfully submitted,

          The Webb Law Firm

          By:   /s/Todd E. Webb

          TODD E. WEBB

          Texas State Bar No.24033317
          Federal Admission No. 597748
          toddewebb@hotmail.com
          3730 Kirby Suite 1200
          Houston, Texas 77098
          (713) 713 834 1147
          (713) 831 6899 (fax)